IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-00062-ZLW-KLM

DAVID MAGRUDER,

      Plaintiff,

v.

ANDREW KURITZ,
JACOB ROBERTS,
ERIC JOHNSON,

      Defendants.

---

## ORDER OF DISMISSAL

---

The matter before the Court is Defendants' Motion For Summary Judgment (Doc. No. 55). Pursuant to this Court's Order (Doc. No. 2; Jan. 20, 2010), all dispositive motions are referred to Magistrate Judge Kristen L. Mix.[1] On October 20, 2010, Magistrate Judge Mix issued her Recommendation (Doc. No. 66) that the motion for summary judgment be granted and that the case be dismissed. Plaintiff timely filed objections on October 29, 2010,[2] and Defendants filed a response on November 10, 2010.[3] Plaintiff's objections have been liberally construed because he is *pro se*.[4]

---

[1] *See* D.C.COLO.LCivR 72.1; 28 U.S.C. § 636(b)(1)(A).

[2] Doc. No. 67.

[3] Doc. No. 68

[4] *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

The Court has reviewed Plaintiff's objections, Defendants' response, the Recommendation, the original motion, and the case file.  As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Recommendations to which Plaintiff objected.  The Court sustains the objections in part and overrules the objections in part.  However, the Court adopts the Magistrate's Judge recommendation that the case be dismissed.

The Court finds the statement of undisputed facts provided by the Magistrate Judge is an accurate representation of the evidence in the case record.[5]

**Defendant Johnson**

Plaintiff first objects that the dismissal of Defendant Eric Johnson was incorrect. The Magistrate Judge recommended that Johnson be dismissed from the case because Plaintiff failed to show that Johnson personally participated in any of the alleged constitutional violations.[6]  After reviewing the evidence in the case file, the Court will sustain Plaintiff's objection.

The Magistrate Judge found that Plaintiff did not provide any evidence that Johnson participated in the alleged constitutional violation.  Instead, Plaintiff testified at his deposition that he never saw Johnson while being detained.  However, Johnson's own statement contradicts this testimony.

According to Johnson's police report, when he arrived on scene:

---

[5]Recommendation at 4-6.

[6]Id. at 10-11.

> \* Deputy Kuritz and Deputy Roberts had Magruder down on the ground ordering him to put his hands behind his back.
> \* Magruder refused to comply with numerous commands and appeared to be pulling his hands towards his chest.
> \* I approached Magruder [sic] shoulders and placed his arms behind his back.
> \* Deputy Roberts then handcuffed him.[7]

Johnson's report corroborates both Kuritz's and Roberts' recollection of the incident, specifically regarding Plaintiff tucking his right hand close to his body to prevent it from being pulled behind his back to be handcuffed.[8]  As it is undisputed that Plaintiff was not tasered by Kuritz until after he resisted in this manner,[9] Johnson's report indicates he must have been present on scene while this was occurring.

The Magistrate Judge declined to grant summary judgment to Kuritz because a reasonable jury could find that excessive force was used to detain Plaintiff.[10] Additionally, the Magistrate Judge found that Roberts was not entitled to summary judgment because it was an issue of fact whether he had a chance to intervene.[11] Johnson is in the same factual position as Roberts as he was both present and participated in the detainment.  Johnson likewise is not entitled to summary judgment on

---

[7]Doc. No. 67-2.

[8]*See* Doc. No. 55-3 at 4 ¶ 9; Doc. No. 55-4 at 2 ¶ 5.

[9]*See* Doc. No. 55-3 at 4 ¶ 10; Doc. No. 55-4 at 2 ¶ 6.

[10]Recommendation at 9.

[11]Id. at 10.  "[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Vondrak v. City of Las Cruces, 535 F.3d 1198, 1210 (10th Cir. 2008).

the excessive force claim.  Plaintiff's objection is sustained and the Court denies

summary judgment to Johnson on the claim of excessive force.[12]


**False Arrest and False Imprisonment**

Plaintiff next argues that the dismissal of the false arrest and false imprisonment

charges was improper.  Plaintiff argues that, pursuant to Bailey v. Kennedy,[13] a 911 call

alone is insufficient for law enforcement officers to detain an individual for further

psychological evaluation.

In Bailey, a 911 caller told the dispatcher that the plaintiff was going to commit

suicide, was intoxicated, and had been depressed.  When police arrived at his house,

the officer found no indication that any portion of the 911 call was correct.  The officer

voluntarily left the house since he perceived no imminent danger.  Later, after reviewing

the situation with others, the officer forcefully reentered and detained the plaintiff.  The

court found that the 911 report, viewed together with the events police witnessed

firsthand and the officer's initial reaction to the scene, were insufficient to establish

probable cause to detain for an emergency mental evaluation.

The present case is easily distinguishable from Bailey.  Here, all details of the

911 call were corroborated.  When Plaintiff was approached by Kuritz, he matched both

---

[12]Defendants appear to be objecting to the Magistrate Judge's recommendation that there is a material issue of fact whether excessive force was used. See Defs.' Resp. (Doc. No. 68), at 8.  However, given the Court's ultimate resolution of this case, the Court will overrule the objection as moot.

[13]Bailey v. Kennedy, 349 F.3d 731 (4th Cir. 2003).  The Court notes that the holding in Bailey is not binding as it is not a case from the United States Court of Appeals for the Tenth Circuit.

the physical description and the approximate location provided by the 911 report. Unlike Bailey where the plaintiff readily answered the police's questions and there was no outward sign of suicide or depression, Plaintiff here refused multiple times to answer the questions posed to him by Kuritz and his behavior was described to be evasive, paranoid, and confused. Kuritz never contemplated leaving the scene because he was immediately concerned by Plaintiff's strange behavior. The information provided in the 911 call,[14] Plaintiff's strange behavior, and Kuritz's concerned perceptions, established probable cause for the officers to detain Plaintiff pursuant to Colo. Rev. Stat. § 27-10-105(1)(a)(I). Therefore, Plaintiff's objection is overruled and summary judgment for Defendants is appropriate on the Fourth Amendment claim of false imprisonment and false arrest.

**Qualified Immunity**

Finally, Plaintiff argues that the grant of qualified immunity was improper. The Magistrate Judge properly identified that the relevant legal test is whether Plaintiff has shown that "the constitutional right was clearly established at the time of the alleged unlawful activity."[15] It is Plaintiff's burden to prove that Defendants' actions violated clearly established law.[16]

---

[14]Plaintiff does not argue that any of the details provided by his wife in the 911 call were untrue.

[15]Swanson v. Town of Mountain View, Colo., 577 F.3d 1196, 1199 (10th Cir. 2009) (*citing* Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009)).

[16]Guffey v. Wyatt, 18 F.3d 869, 871 (10th Cir. 1994).

The Magistrate Judge provided a long list of case citations demonstrating that the use of a taser prior to March 30, 2009, the date of the incident in this case, was not clearly established to constitute excessive force.[17]  Plaintiff argues that all of these cases are distinguishable from the present facts.  The Court is unconvinced by this argument.  Further, even if the cases were distinguishable, it does not mask the fact that it is Plaintiff's burden to demonstrate that the law was "clearly established" at the time of this incident.  He has not done so.[18]  Therefore, Plaintiff's objection is overruled and the Magistrate's recommendation of summary judgment for Kuritz and Johnson on all claims based on qualified immunity is adopted.

Additionally, the Court concludes that Johnson is entitled to qualified immunity for the same reasons as Kuritz and Roberts.  Summary judgment will therefore be entered in favor of Johnson on Plaintiff's excessive force claim on the basis of qualified immunity.

The Court determines that the rest of Plaintiff's arguments and objections have no merit.  Accordingly, it is

---

[17]Hinton v. City of Elwood, 997 F.2d 774, 781 (10th Cir. 1993); Sawyer v. Green, 316 Fed. Appx. 715, 717 (10th Cir. 2008); Hunter v. Young, 238 Fed. Appx. 336, 339 (10th Cir. 2007); Wilson v. City of Lafayette, No. 07-02248-PAB-BNB, 2010 WL 1380253, at *7 (D. Colo. Mar. 31, 2010); Smith v. City and County of Denver, No. 07-CV-00154-WDM-BNB, 2008 WL 724629, at *7 (D. Colo. Mar. 18, 2008).

[18]Plaintiff cites Beaver v. City of Federal Way, 507 F.Supp. 2d 1137 (W.D.Wash. 2007), as supportive, but this case is non-binding in this district.  Regardless, this case involved an incident where the plaintiff was tasered *five* times, as opposed to two in the present case, and this decision was later questioned by a subsequent court. *See* Brooks v. City of Seattle, 2008 WL 2433717, at *7 (W.D.Wash June 12, 2008).  Beaver provides no support that the law was "clearly established."

ORDERED that Plaintiff's objection (Doc. No. 67; Oct. 29, 2010) is sustained in part and overruled in part.  It is

FURTHER ORDERED that the Recommendation (Doc. No. 66; Oct. 20, 2010) is accepted and adopted as modified by this order.  It is

FURTHER ORDERED that Defendants' Motion For Summary Judgment (Doc. No. 55; Aug. 11, 2010) is granted in part and denied in part.  It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice, the parties to pay their own costs and attorney's fees.  It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 8th day of December, 2010.

BY THE COURT:

_____

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court